IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| C&E BUILDERS, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 5:24-cv-26 |
| | § |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF GROVE FUNDING I TRUST, | § § § |
| | § |
| Defendant. | § |

## NOTICE OF REMOVAL

Defendant U.S. Bank Trust National Association, as Trustee of Grove Funding I Trust ("Defendant" or "U.S. Bank"), files this notice of removal of this action from the 131st Judicial District Court of Bexar County, Texas. Defendant submits this Notice in support of removal. Removal is based on diversity jurisdiction.

### INTRODUCTION

1. On or about December 29, 2023, Plaintiff C&E Builders, LLC ("Plaintiff" or "C&E") filed its *First Amended Petition and Application for Temporary Restraining Order and Temporary Injunction* (the "Petition") bearing Cause No. 2023CI27221, in the 131st Judicial District Court, Bexar County, Texas, styled *C&E Buildings, LLC v. U.S. Bank Trust National Association, as Trustee of Grove Funding I Trust* (the "State Court Action").

2. The allegations in the Petition relate to the posted foreclosure sale of certain real property located in Bexar County, Texas. This real property is identified by the following common street address of 515 Burton Avenue, San Antonio, Texas 78221, and more particularly described as:

LOT 10, BLOCK 52, NEW CITY BLOCK 9366, SAN JOSE TOWNSITE, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 368, PAGES 96-102, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS ("the Property").

3. Plaintiff alleges that Defendant is attempting to proceed with a foreclosure of the Property while knowing that Plaintiff was endeavoring to obtain alternative financing to pay off the subject mortgage loan and by failing to provide required foreclosure notices. *See First Amended Petition, ¶7.* For these alleged actions, Plaintiff seeks to enjoin the foreclosure sale. *See First Amended Petition, ¶¶9-14.* Plaintiff elsewhere states that the damages are within the jurisdictional limits of the Court and that it is only seeking non-monetary relief. *See First Amended Petition, p.1.* For causes of action, Plaintiff identified equitable estoppel. *Id., p. 8.*

4. A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A.** In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of **Exhibit B**.

5. This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

6. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

**BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

**A.     There is diversity between the parties.**

7. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and properly named Defendant U.S. Bank, and more than $75,000 is

in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

### 1. There is complete diversity.

8. Plaintiff is a limited liability company organized under the laws of the State of Texas. The citizenship of a limited liability company is "determined by the citizenship of all its members." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014).

9. There is one member of Plaintiff, Erica Linda Castillo, who is a resident and citizen of Texas.

10. Plaintiff, therefore, is a citizen of Texas for diversity-jurisdiction purposes.

11. U.S. Bank is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank is, and at all times relevant to this action was, a national association bank with its main office located in Cincinnati, Ohio. A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Thus, U.S. Bank is a citizen of Ohio, and no other state, for purposes of diversity jurisdiction.

**B.     The amount in controversy exceeds $75,000.00.**

12.     The amount in controversy exceeds the sum or value of $75,000.00. On the face of the Petition, Plaintiff states it seeks non-monetary relief and the damages are within the jurisdiction limits of the district court. (*See* Petition at p.1 Jurisdiction.) For this reason, the amount-in-controversy requirement is met.

13.     The requirement is met for a second reason.  In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

14.     Plaintiff seeks, *inter alia*, to enjoin Defendant from foreclosing on the lien on the Property. (*See Petition, ¶¶45-52*.) As a result, Plaintiff put an amount in controversy equal to the value of the Property. The Bexar County Appraisal District values the Property at $176,330.00, an amount well in excess of $75,000.00. (*See* Exhibits C, C-1.) For this additional reason, the amount-in-controversy requirement has been met.

## VENUE

15.     Venue for removal is proper in this district and division, the United States District

Court for the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 131st Judicial District Court, Bexar County, Texas, the forum in which the removed action was pending.

## NOTICE

16. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 131st Judicial District Court, Bexar County, Texas.

17. The contents of **Exhibit B** constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant U.S. Bank respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT U.S. BANK TRUST N.A., AS TRUSTEE OF GROVE FUNDING I TRUST**

## List of all Counsel of Record

For Plaintiff:
Matthew Obermeier
Texas Bar No. 24067804
The Law Offices of Matthew J. Obermeier PC
342 W. Woodlawn, Suite 103
San Antonio, Texas  78212
(210) 972-7660 Telephone
mattslawoffice@gmail.com


For Defendant U.S. Bank Trust National Association,
as Trustee of Grove Funding I Trust
Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Copy of the Docket Sheet for Cause No. 2023CI27221 in the 131st Judicial District Court, Bexar County, Texas;

Exhibit B    Pleadings in Cause No. 2023CI27221 in the 131st Judicial District Court, Bexar County, Texas;

    B-1    Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction, filed December 29 2023;

    B-2    Plaintiff's First Amended Petition and Application for Temporary Restraining Order and Temporary Injunction, filed December 29 2023;

    B-3    Temporary Restraining Order, December 29, 2023;

    B-4    Cash Deposit in Lieu of Temporary Restraining Order bond, December 29, 2023;

    B-5    Defendant's Original Answer, January 8, 2024;

Exhibit C    Declaration of Mark D. Cronenwett; and

    C-1    Data Sheet from the Bexar County, Texas Central Appraisal District website on January 3, 2024.

## **CERTIFICATE OF SERVICE**

       The undersigned further certifies that on January 8, 2024, a true and correct copy of the foregoing document was delivered via regular United States mail to the following counsel of record:

Matthew Obermeier
The Law Offices of Matthew J. Obermeier PC
342 W. Woodlawn, Suite 103
San Antonio, Texas  78212
*Attorneys for Plaintiff*

                                                  */s/ Mark D. Cronenwett*
                                                  **MARK D. CRONENWETT**